**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**DANIEL MAURICIO ORTIZ-FORGAS**     **CASE NO.  1:26-CV-01257 SEC P**
**#A201-667-484**

**VERSUS**                           **JUDGE JAMES D. CAIN, JR.**

**WARDEN RIVER CORRECTIONAL**        **MAGISTRATE JUDGE LEBLANC**
**CENTER ET AL**

## <u>MEMORANDUM RULING</u>

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 by Daniel Mauricio Ortiz-Forgas. Mr. Ortiz-Forgas is a native of Honduras who was in the custody of ICE at the time of filing. The undersigned ordered service on respondents and expedited briefing deadlines on the Motion for Temporary Restraining Order [doc. 2], filed on April 20, 2026, due to petitioner's allegations that he suffered from stage IV metastatic cancer and should be granted humanitarian release. In response, the government shows that an immigration judge granted petitioner's request for voluntary departure on April 22, 2026, and that petitioner departed the United States three days later.

"[A] writ of habeas corpus shall not extend unless . . . [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see also Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) ("[T]o be eligible for habeas relief [under 28 U.S.C. § 2241], a petitioner must be 'in custody' and must have exhausted his available state remedies."). A habeas petition "is not moot simply because a § 2241 petitioner is no longer in custody," *Salgado v. Fed. Bureau of Prisons*,

220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969)). But it may become so if the court "cannot grant the relief requested by the moving party." *Id.* at 257 (citing *Bailey v. Sutherland*, 821 F.2d 277, 278 (5th Cir. 1987)). Petitioner only challenged the lawfulness of his continued detention. Because he has departed the country and is no longer in ICE custody, the § 2241 petition is now moot. Accordingly, it will be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 5th day of May, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**